J-S17039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN COLE | : | |
| | : | |
| Appellant | : | No. 2674 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 7, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0002332-2022

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 11, 2024**

Appellant, Brian Cole, appeals from the aggregate judgment of sentence of 20 to 40 years' incarceration, imposed after he pled guilty to two counts of attempted murder.  On appeal, Appellant challenges the trial court's denial of his presentence motion to withdraw his guilty plea, and the discretionary aspects of his sentence.  We affirm.

Briefly, Appellant's convictions "stemmed from an incident that occurred on May 31, 2021, where Appellant shot Tiffany Gillard … and Andrea Anderson-McNeil … in the 500 block of Green Street in Norristown, Montgomery County, Pennsylvania."  Trial Court Opinion (TCO), 12/7/23, at 1.  Appellant ultimately pled guilty to two counts of attempted murder on May 1, 2023.  On August 28, 2023, he filed a motion to withdraw his plea.  After the Commonwealth filed an answer, the court conducted a hearing on September 7, 2023.  At the close thereof, the court denied Appellant's motion to withdraw his plea and

proceeded immediately to sentencing. The court imposed 20 to 40 years' incarceration for each of Appellant's convictions and ran those sentences concurrently.

Appellant filed a timely, *pro se* notice of appeal, which was accepted and docketed by the trial court, despite that he was represented by counsel. **See** TCO at 7 (discussing the rule precluding hybrid representation, but acknowledging that "in the context of a *pro se* Notice of Appeal, the Superior Court of Pennsylvania is required to docket a *pro se* Notice of [A]ppeal despite an appellant['s] being represented by counsel") (footnote omitted) (citing **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016)). After the court permitted Appellant's privately-retained counsel to withdraw, the court appointed counsel to represent Appellant herein. Appellant subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the trial court filed a Rule 1925(a) opinion. Herein, Appellant states two issues for our review:

> 1. Whether the [trial c]ourt abused its discretion in denying … Appellant's Motion to Withdraw his Guilty Plea.
>
> 2. Whether the [trial c]ourt's sentence above the aggravated range was manifestly unreasonable and excessive.

Appellant's Brief at 8.

Appellant first contends that the trial court erred by denying his presentence motion to withdraw his guilty plea. In that motion, Appellant stated that, "although [he went] through a written colloquy[, he] was unsure if he truly wanted to plead guilty and maintains his innocence as charged."

- 2 -

Motion, 8/28/23, at unnumbered 1 ¶ 3. Appellant further asserted that the Commonwealth would "not be prejudiced by the withdraw of the plea to wit, the evidence will not become stale, the witnesses are local and[,] despite the matter being extremely old[,] the Commonwealth has been in constant contact with the witnesses and they have repeatedly come to the courthouse when asked." *Id.* at unnumbered 2 ¶ 8. Finally, Appellant stated that "[e]very defendant deserves his/her day in court and [Appellant] is requesting his day." *Id.* at unnumbered 2 ¶ 9.

At the hearing on Appellant's motion to withdraw his plea, he did not present any evidence. However,

> the Commonwealth presented Kiersten Deemer to testify. Ms. Deemer is a litigation assistant for the Montgomery County District Attorney's Office. She coordinated and communicated with the victims in this case. Ms. Deemer testified that following Appellant's guilty plea on May 1, 2023[,] she met with the victims to give them an opportunity to view the body camera footage from the case and to thank the officer, who was present at the meeting, for rendering aid to them. (N.T. Motion to Withdraw/Sentencing, [9/7/23,] at 6-7). Ms. Deemer testified that following that meeting, despite attempts to contact [Ms. Gillard], she has not had any contact with [that] victim…. Ms. Deemer was able to establish contact with [Ms. Gillard's] mother, who indicated that [Ms. Gillard] "no longer want[s] to be contacted by [the Montgomery County District Attorney's Office] or does not wish to appear in any further hearings." *Id.* at 8-9. Counsel then presented argument.

> After the hearing, the court denied Appellant's motion to withdraw guilty plea. The court determined that on May 1, 2023, Appellant "entered a very clear knowing, intelligent, and voluntary guilty plea after delaying the proceedings for several years." … [*Id.*] at 17-18[]. The court determined that there have been multiple continuances by [Appellant] "in an effort to, this court finds, [game] the system to prevent the case from reaching conclusion."

*Id.* at 18. The court determined that by changing his mind after his guilty plea, Appellant had caused "substantial prejudice to the Commonwealth" because there is a key witness that has refused to communicate with the District Attorney's Office and is refusing to come to court. *Id.* Last, the court determined that Appellant's assertion of innocence is "insincere after a very clear guilty plea." [*Id.*] Based on these findings, the court denied Appellant's motion to withdraw guilty plea and proceeded immediately to a sentencing hearing.

TCO at 5-6.

Appellant now contends that he "agreed to plead guilty" because he "lack[ed] faith in his counsel to try the case," and, therefore, the court should have granted his motion to withdraw his plea. Appellant's Brief at 15. He also argues that the Commonwealth would not have been substantially prejudiced because it could have "forcibly compelled Ms. Gillard to testify[,]" and there were other eyewitnesses to the shooting who could have testified about what happened to Ms. Gillard. *Id.* at 16. Accordingly, Appellant claims that he "has demonstrated a fair and just reason" for the withdrawal of his plea and the court should have granted his motion to do so. *Id.*

No relief is due. In *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015), our Supreme Court

held that, when a defendant files a presentence motion to withdraw a guilty plea based upon a claim of innocence, the "innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." [*Id.*] at 1292. Stated more broadly, "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* While the *Carrasquillo* Court acknowledged that the "policy of liberality remains extant," the Court explained that this policy "has its limits, consistent with the

affordance of a degree of discretion to the common pleas courts." *Id.*; *see also* Pa.R.Crim.P. 591(A) (explaining that, "[a]t any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty[ ]").

Thus, the *Carrasquillo* Court clearly established that trial courts have the discretion to assess the plausibility of claims of innocence. Consistent with the well-established standards governing trial court discretion, it is important that appellate courts honor trial courts' discretion in these matters, as trial courts are in the unique position to assess the credibility of claims of innocence and measure, under the circumstances, whether defendants have made sincere and colorable claims that permitting withdrawal of their pleas would promote fairness and justice.

To be clear, when a trial court is faced with a presentence motion to withdraw a guilty plea, the court's discretion is not unfettered. As this Court has often explained, "[t]he term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge." *Commonwealth v. Widmer*, ... 744 A.2d 745, 753 ([Pa.] 2000) (citation omitted). Thus, a court's discretion in ruling on a presentence motion to withdraw a guilty plea must be informed by the law, which, for example, requires courts to grant these motions liberally, *Carrasquillo*, *supra*, and to make credibility determinations that are supported by the record, *see Commonwealth v. Myers*, ... 722 A.2d 649, 652 ([Pa.] 1998) (explaining that, "when appellate review involves the trial court's findings of fact and credibility determinations, those findings are binding on the reviewing court if they find support in the record"). Moreover, while an appellate court should not substitute its judgment for that of a trial court that ruled on a presentence motion to withdraw a guilty plea, the appellate court is tasked with the important role of assessing the propriety of the trial court's exercise of its discretion. *See Widmer*, 744 A.2d at 753 ("The propriety of the exercise of discretion in such an instance may be assessed by the appellate process when it is apparent that there was an abuse of that discretion.").

*Commonwealth v. Norton*, 201 A.3d 112, 120–21 (Pa. 2019).

In **Norton**, our Supreme Court found that the trial court did not err in denying Norton's presentence motion to withdraw his plea of *nolo contendere*, reasoning as follows:

[I]n support of his presentence motion to withdraw his plea of *nolo contendere*, [Norton] asserted in the trial court that: (1) he is innocent; (2) he cannot live with himself for taking a plea; and (3) he wants to test the Commonwealth's evidence at trial. Simply put, the last two assertions add nothing to the first. [Norton's] contention that he could not live with himself for entering his plea is self-serving makeweight and does not add any substantive support to the plausibility of his claim of innocence. [Norton's] desire to test the Commonwealth's evidence at trial is equally non-substantive. Generally speaking, trials are always proceedings in which the parties test each other's evidence, and [Norton's] belated wish for a trial fails to bolster his claim of innocence, particularly in light of the fact that any vulnerability in the Commonwealth's evidence, specifically [the v]ictim's testimony, was well known to [Norton] prior to him entering his plea. In other words, for all intents and purposes, the reality is that [Norton] solely asserted his innocence in an attempt to withdraw his plea presentence.

*Id.* at 121-22.

Similarly, here, Appellant solely asserted his innocence in his motion to withdraw his plea. As in **Norton**, Appellant's claims that he "was unsure if he truly wanted to plead guilty[,]"and that "[e]very defendant deserves his/her day in court[,]" add nothing of substance to his assertion of innocence. Motion at unnumbered 1 ¶ 3, 2 ¶ 9. Ultimately, the court concluded that "Appellant's assertion of innocence was not plausible since he failed to offer any additional testimony establishing the basis of a fair and just reason justifying the withdrawal of his guilty plea. The court exercised proper discretion in denying Appellant's motion to withdraw guilty plea." TCO at 10.

We agree. We discern no error in the court's conclusion that Appellant's unsupported assertion of innocence was implausible and did not warrant the withdrawal of his plea. Appellant entered his plea after completing thorough written and oral colloquies. *See* TCO at 10-18 (discussing the written and oral plea colloquies and concluding that "Appellant understood the terms of the guilty plea and knowingly, intelligently[,] and voluntarily entered a plea of guilty in this case"). Notably, Appellant did not seek to withdraw his plea until nearly four months after entering it, and in his motion to withdraw and at the hearing thereon, he offered nothing of substance to support his claim of innocence. Indeed, at the hearing, Appellant did not even assert his innocence at all; instead, he solely argued that he wanted to withdraw his plea to have "his day in court." N.T. Motion to Withdraw/Sentencing, 9/7/23, at 13, 14. Although on appeal, Appellant now claims that he only pled guilty because he did not trust his counsel to successfully try the case, this assertion is waived as it was not raised in his motion to withdraw his plea or at the hearing thereon. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, the record supports the court's determination that Appellant's bare assertion of innocence was implausible, and we discern no error in the court's decision to deny his request to withdraw his guilty plea.[1]

---

[1] Given our decision, we need not address Appellant's argument that the Commonwealth would not have been prejudiced by the withdrawal of his plea. *See* Appellant's Brief at 15-16.

Next, Appellant contends that the court abused its discretion in sentencing him "the maximum of 20 to 40 years" on each count. Appellant's Brief at 17. Initially, we note that:

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, … 909 A.2d 303 ([Pa.] 2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, … 831 A.2d 599 ([Pa.] 2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant did not file a post-sentence motion raising his sentencing claim before the trial court. Thus, it is waived for our review. **See Griffin**, 65 A.3d at 936 ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

In any event, even if not waived, we would deem Appellant's issue meritless. Aside from reciting applicable legal principles, **see** Appellant's Brief at 17, Appellant's entire argument in challenging his sentence amounts to the following three sentences:

> In the case at bar, the Appellant was sentenced above the Pennsylvania Sentencing Guideline Range to the maximum of 20 to 40 years on Counts 1 and 2. The [t]rial [c]ourt noted that the Appellant had a significant history of drugs and alcohol but made no recommendations of treatment nor found his addiction to mitigate the crimes charged. The [t]rial [c]ourt therefore did not carefully consider and balance these rehabilitative needs and the history and characteristics of the Appellant in violation of 42 Pa.C.S.[] § 9721(b) when it imposed the maximum sentence on each count.

**Id.** at 17-18.

First, we note that, at the sentencing hearing, the Commonwealth stated that the standard, minimum guideline range for Appellant's crime of attempted murder was 16 to 20 years' incarceration, and 40 years' incarceration for the maximum. **See** N.T. Motion to Withdraw/Sentencing at 20; **see also** TCO at 19 ("The sentencing guidelines for this charge are sixteen

(16) years (192 months) to twenty (20) years (240 months) in the standard range and fifteen (15) years (180 months) in the mitigated range."). Thus, "[t]he court sentenced Appellant in the **standard range** of the sentencing guidelines, [and] imposed concurrent sentences…." TCO at 19 (emphasis added). Appellant's assertion on appeal that he was sentenced "above" the guideline range is simply incorrect.

Second, the record does not support Appellant's allegation that the court did not consider his rehabilitative needs, history, and characteristics in fashioning his sentence. Notably, the court reviewed both a presentence investigation report (PSI) and a drug and alcohol evaluation report. N.T. Motion to Withdraw/Sentencing at 19. "Where pre-sentence reports exist, we shall … presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] report constitutes the record and speaks for itself." *Commonwealth v. Antidormi*, 84 A.3d 736, 761 (Pa. Super. 2014) (citations omitted).

Moreover, the trial court's discussion of Appellant's sentence in its opinion demonstrates its ample consideration of all the requisite, statutory factors:

> In considering the sentence in this case, the court considered a significant amount of information about the Appellant and the crime. The court had a PSI, which provided information related to Appellant's family situation and background, physical and mental condition, drug and alcohol use, education, economic status, and occupation and personal habits. The PSI detailed the offense conduct and Appellant's statement regarding the offense.

- 10 -

The PSI detailed Appellant's criminal history; a prior history of violence. Appellant's criminal history dates back to 2003, after two offenses as a juvenile at the age of 16. His adult criminal history proceeded from there and steadily increased. Appellant's criminal history includes a stabbing case, a gunpoint case, an assault with a gun, and drug cases. These acts of violence culminated in the shooting of two innocent people on May 31, 2021. The PSI also included a victim impact statement from victim one's mother. The court also considered the [drug and alcohol] evaluation which detailed Appellant's significant history of drugs and alcohol problems and challenges.

At the sentencing hearing, the court heard argument from the parties. Trial counsel highlighted Appellant's past traumas and lack of guidance in his developmental years. The Assistant District Attorney highlighted the severity of the crime, which entailed over a dozen shots being fired over a mere verbal spat with the victims. The Assistan[t] District Attorney highlighted that Appellant first walked away, and then came back to reengage using a firearm he was not legally allowed to possess. Appellant did not exercise his right of allocution.

Prior to imposing sentence, the court thoroughly reviewed all of this information, which provided pertinent details on Appellant's background and character. In imposing sentence, the court examined the factors set forth at 42 Pa.C.S.[] § 9721(b), stating that the court is required to follow the general principle that sentencing should include confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of a victim, and the community and rehabilitative needs of the defendant. The court presided over this case since its inception. The court considered all of the information presented at the guilty plea hearing and the sentencing hearing. The court considered the sentencing guidelines and the applicable ranges. The court considered the sentence cap agreed to by the Commonwealth [of 20 to 40 years' incarceration. *See* N.T. Motion to Withdraw/Sentencing at 20 (the Commonwealth's agreeing to an aggregate sentence of 20 to 40 years' incarceration)]. The court considered the PSI and the [drug and alcohol evaluation]. The court considered the victim impact statement submitted by [Ms. Gillard's] mother. Finally, the court considered the arguments of counsel.

The court recognized that Appellant "comes before the [c]ourt as an individual who has had a challenging life, a difficult upbringing,

has experienced a great deal of trauma himself." ***Id.*** at 34. The court considered Appellant's extensive criminal history. The court considered the victim impact statement which talked about how this "senseless shooting" traumatized "an already vulnerable human being that has tried very hard from past abuse of all sorts to learn how not to allow her past as a little girl control her." ***Id.*** at 34-35. The court addressed the seriousness of the crimes Appellant committed which were "horrific, could have taken two lives." ***Id.*** at 35.

The court balanced Appellant's background and character with the circumstances of the crimes committed on May 31, 2021. Appellant committed a callous, careless act by shooting two innocent victims who did nothing but say hello to him. Appellant fired over a dozen shots and nearly killed the two victims with a firearm he was not legally allowed to possess. The victims each suffered serious bodily injury. Had they not survived, Appellant would be facing a mandatory minimum sentence of life in prison. The court determined there is an undue risk that Appellant would commit another crime if not confined. As a result, the court imposed concurrent sentences in the standard range of the sentencing guidelines.

Based on the aforementioned, the court properly considered the character of this particular defendant and the particular circumstance of this case. The sentence of twenty (20) to forty (40) years was reasonable and not excessive in light of the serious crimes committed. The court exercised proper discretion in imposing sentence upon Appellant.

TCO at 21-24 (some citations to the record omitted).

We would agree that the court did not abuse its ample sentencing discretion, even had Appellant preserved his sentencing claim for our review.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/11/2024</u>